# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| DONNA L. BARTOLUCCI, | : | |
| | : | Case No. 16-21679 (JJT) |
| Debtor. | : | |
| _____ | : | |
| MANGAN, CHAPTER 7 TRUSTEE | : | Adv. Pro No. 17-02071 (JJT) |
| | : | |
| Plaintiff | : | |
| V. | : | Re: ECF No. 7, 12 |
| | : | |
| MONTCLAIR STATE UNIVERSITY | : | |
| | : | |
| Defendant | : | |
| _____ | : | |

## APPEARANCES

Jeffrey Hellman, Esq.                                             Counsel for the Chapter 7 Trustee
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510

Paul A. De Genaro, Esq.                                           Counsel for the Defendant
Windels Marx Lane & Mittendorf, LLP
350 Bedford Street, Suite 201
Stamford, CT 06901

## RULING ON THE DEFENDANT'S MOTION TO DISMISS

*Introduction*

Pending before the Court are the Defendant's Motion to Dismiss (ECF No. 7) and the

Plaintiff's Objection thereto (ECF No. 12), After notice and a hearing on January 30, 2018, and

upon review of the record, the motions and the relevant law, the Court denies the Motion to Dismiss.

*Jurisdiction*

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings pursuant to 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a) and (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(H).

*Law*

Federal Rule of Civil Procedure 12(b)(6), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7012(b), allows a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In analyzing the pleading requirements of Rule 8(a)(2), the Supreme Court has stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A pleading that offers, "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual

enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). Instead, a plaintiff must provide enough factual support that, if true, would "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Supreme Court has instructed courts to employ a two-step analysis in evaluating the sufficiency of a complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). First, the court must "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. Thus, the court should accept as true any well-pleaded factual allegations, but reject legal conclusions unsupported by facts. Next, the court should "determine whether [the well-pleaded factual allegations] plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

*Discussion*

The Trustee's Amended Complaint filed on October 6, 2017 (the "Complaint") consists of four counts, respectively, asserting claims for recovery of allegedly constructive fraudulent transfers under 11 U.S.C. §§548(a)(1)(B), 550 and 551 and under the Connecticut Uniform Fraudulent Transfer Act ("CUFTA"), C.G.S. §52-552a *et seq.*, for transfers purportedly made by the Debtor to the Defendant on behalf of the Debtor's son.

Under 11 U.S.C.§ 548(a)(1)(B), a plaintiff must allege that within two years of the petition date, the Debtor transferred an interest in property and:

> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or]
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured

11 U.S.C. § 548(a)(1).[1]

In a recent decision, *In re Donald D. Sagarino*, Case No. 16-21218 (JJT), (Bankr. D. Conn. Aug. 29, 2017), this Court, in granting the defendant university's motion to dismiss, held that the Trustee therein merely tracked the statutory language and neglected to allege any subordinate facts supporting the element of insolvency, and thus failed to satisfy the requirements of Federal Rule of Civil Procedure 8 (a)(2). The Defendant here argues that this case is virtually identical to the facts in *In re Donald D. Sagarino*. Here, however, the Trustee specifically alleges, "[a]s of 2013, the Debtor owed 2010, 2011 and 2012 income tax to the Internal Revenue Service ("IRS") in the respective amounts of $15,694.73, $30,127.99 and $35,194.50 for a total debt to the IRS of $81,017.22. These debts remain unpaid."[2] Accepting this allegation as true, the Court finds that the Trustee has pleaded factual content sufficient to support the element of insolvency, and has "state[d] a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, by reasonable inference.[3]

---

[1] The elements of an avoidable transfer under the Connecticut Uniform Fraudulent Transfer Act ("CUFTA") do not substantially vary from the elements set forth in Section 548(a)(1)(B), and similarly allow a debtor's creditors to recover property when it is transferred by the debtor without receiving reasonably equivalent value if the debtor is insolvent or becomes insolvent as a result of the transfer.
[2] Amended Compl., ECF No. 5 at ¶ 21.
[3] While this new allegation is legally sufficient, Trustees best avoid these contests by advancing more subordinate facts which do not rely upon whether an inference from such allegations is reasonable.

*Conclusion*

Accordingly, the Defendant's Motion to Dismiss is DENIED. Further, this Adversary Proceeding is otherwise stayed pending issuance of a decision by this Court on the dispositive issues raised by Parent Plus Loans in this context.

Dated: February 2, 2018                                        BY THE COURT

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut